# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2026

Lyle W. Cayce
Clerk

No. 24-40726
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Michael Oliver,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:21-CR-8-1

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Paul Michael Oliver appeals the denial of his motion for return of property in connection with the $5,850 he agreed to forfeit as part of his plea agreement. He argues that the seizure of funds from his inmate trust account for the forfeiture of substitute property was a breach of the plea agreement

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because he reasonably understood that his forfeiture obligation would be satisfied by cash that was seized during his arrest in a related state case.

The purported breach is inconsistent with a reasonable understanding of the plea agreement. *See United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014). The amount seized during his arrest and the amount he agreed to forfeit as a representation of proceeds he "would have obtained" from his federal offense are different amounts. Moreover, the phrase "would have obtained" is a reference to a hypothetical amount of money that Oliver could have acquired but did not. *See United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). His assumptions about the meaning of the forfeiture provision do not render his understanding of the agreement reasonable. *See United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011).

As Oliver has not shown by a preponderance of the evidence that the seizure of his funds breached the plea agreement, the district court did not err by denying his motion for return of property. *See id.*; *United States v. Robinson*, 434 F.3d 357, 361 (5th Cir. 2005). Nor can we say the decision to deny his motion without hearing was an abuse of discretion. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).

AFFIRMED.